There are two petitions filed, on the part of the appellant for rehearing of the case on the question of the value of the property and the question of penalties. In one of the petitions it is argued, to wit: "The only question to be determined: Was the property assessed for more than its cash value? Surely that was all the jury had to determine in this case, and on this question they found for the defendant. It cannot be that the court intends to destroy the law by adding to such a judgment the penalties imposed. If so, it would be saying to the taxpayers: Though your property has been overvalued, and though you have been wronged by the state, if you seek redress in the courts, and prevail, the law will impose on you such penalties, that you had better suffer the wrong than to apply to the courts for a remedy."
The answer to the above is, that the question "Was the property assessed for more than its cash value?" was not the only question to be determined by the jury and the court, but the question to be determined was: "What was the cash value of the property at the time of its assessment for the year 1895?" Had the defendant in its answer on the question of value, simply, alleged that its property was overvalued, I am of opinion the court would have properly disregarded the answer as being frivolous. The plaintiff claimed that the property in question was of the value of. $254,321. The defendant alleged by its answer that the value was only $131,800, and this value it undertook to maintain by evidence at the trial, and upon this theory of the value its defense to the action rested. The jury found that the value was $212,000, being $80,200 more than the value alleged by the defendant and on which its defense was based.
I am inclined to the opinion that it cannot be fairly claimed that on the question of value "the jury found for the defendant."
As to destroying the law by adding the penalties to the judgment, I agree that such is not the intent of this court, but to sustain the law by letting the penalties remain as imposed by the law, and in so doing it is not saying, "to the taxpayer though your property has been overvalued and though you have been wronged by the State, etc." But the *Page 90 
law says to the taxpayer, if you think your property has a cash value of only a certain sum which you name, you may tender the amount of taxes due at the proper time, based on such valuation; you may allege such cash value and tender in your answer in the suit for your delinquent taxes and keep your tender good, and if you succeed in establishing your theory of the value to the satisfaction of the court or jury, the sum you so tender shall be received and you shall not be subject to costs of suit or any penalties, but if you fail in your defense, and the court or jury shall find the value to be a greater sum than that set up in your answer, your defense shall only be effectual as to the proportion of the tax based upon the excess of valuation made by the officers, over and above the value found by the jury or court.
But it is claimed that the defense in such case shall have the further effect of relieving the taxpayer from the penalties for which the statute demands that judgment shall be entered; that the amendment of 1895 was intended by the legislature to repeal the provision imposing penalties where the question of the value of the property is submitted to the courts, and it shall be determined by them that an overvaluation was made, even if in no greater amount than one dollar.
In answer to this contention it is sufficient to say that the legislature of 1895, which amended section 52 of the revenue law, must be presumed to have known the provisions of section 48, which requires certain penalties to be included in all judgments for taxes and the several decisions of this court sustaining such provisions. As they made no change in the law with respect to penalties, they must have desired to let it remain in full force.
I will not add anything further to what is said above by the court, except that since said petitions were filed I have carefully reexamined the evidence, and reconsidered the briefs and arguments of respective counsel, and am fully satisfied that the evidence is sufficient to support the verdict of the jury, and that the law sustains the judgment for penalties. I see no good reason for further delay in the final determination of this case, and am of opinion that a rehearing should be denied. *Page 91